UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause Number: 1:21-cv-332 |
| | ) |
| ATC HEALTHCARE | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Shannon Davis ("Davis" or "Plaintiff"), by Counsel, brings this action against Defendant, ATC Healthcare Services, LLC ("Defendant", hereinafter), alleging violations of Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2. Davis is a resident of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICATION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Davis was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

8. Davis has satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her association with an African American.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. In or around June 2017, Davis was hired by Defendant as a Registered Nurse.

11. At all relevant times, Davis met or exceeded Defendant's legitimate performance expectations.

12. Davis is married to an African American male and they share four children.

13. Upon learning of Davis' association with an African American male, Defendant began to treat Davis differently than other Registered Nurses.

14. Defendant's Caucasian Registered Nurses refused to take assignments at Northwood Village, a problematic facility located in Kokomo with a problematic scheduler, and as a result, Davis received the Northwood assignments.

15. In time, Davis began understanding why the other Nurses refused the Northwood assignment, due to the scheduler, and eventually ran into issues with Northwood's scheduler.

16. After one incident, Davis was suspended for 30 days. The suspension relied on false information intentionally placed in Defendant's Staffing System that Davis had cancelled her shift without notice.

17. Davis did not cancel her shift without notice. In fact, Davis followed Defendant's policies and notified all parties that she could not work the date she was scheduled for. Despite relaying what had occurred, Defendant upheld their decision to suspend Davis' employment for 30 days.

18. Defendant's stated reason for suspending Davis' employment is pretext for discrimination due to her association with an African American.

19. Because her working conditions had become intolerable, Davis was constructively discharged from her employment.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - RACE DISCRIMINATION

20. Davis hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21. Davis is associated with a member of a protected class due to their race.

22. Defendant suspended Davis' employment due to her association with a member of a protected class.

23. As a result of Defendant's actions, Davis was constructively discharged from her employment.

24. Defendant's actions were intentional, willful, and taken in reckless disregard of Davis' rights as protected by Title VII of the Civil Rights Act.

25. Davis suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Shannon Davis, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their association with

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful actions;

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII;

6. Award the Plaintiff her attorneys fees, litigation expenses, and costs incurred as a result of this action;

7. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.4765
Facsimile:   (812) 424.1005
Email:        ad@bdlegal.com
*Counsel for Plaintiff, Shannon Davis*

## DEMAND FOR JURY TRIAL

Plaintiff, Shannon Davis, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.4765
Facsimile:   (812) 424.1005
Email:        ad@bdlegal.com
*Counsel for Plaintiff, Shannon Davis*